# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ONTARIO DAVIS,<br><br>       Plaintiff,<br><br>v.<br><br>JOHN SCHOTT, ANDREW MOLINA, JOSEPH ESQUEDA, JOSE VIERA, KENNETH PETERS, DEREK L. VERNON, RYAN CARPENTER, VINCENT LOPEZ, CHRISTOPHER RANDAZZO, MATTHEW PHILLIPSON, TIMOTHY RABIDEAU, and MATTHEW OMALIA,<br><br>       Defendants. | Case No. 17-CV-1355-JPS<br><br>**ORDER** |

On October 3, 2017, Plaintiff submitted a complaint alleging violations of his Fourth Amendment rights and conspiracies to violate his civil rights pursuant to 42 U.S.C. §§ 1983 and 1985. (Docket #1). The Court screened the complaint and allowed him to proceed on claims of unlawful arrest, conspiracies under Sections 1983 and 1985, unlawful search of a residence, unlawful search of a car, unlawful acquisition of a warrant, and retaliation by ransacking a residence. (Docket #3 at 9). On November 15, 2018 the defendants filed motions for summary judgment. (Docket #53 and #58). Defendant Kenneth Peters ("Peters") moved for summary judgment on the claims of unlawful arrest, conspiracy, unlawful search of a car and unlawful acquisition of a warrant, on the grounds of issue preclusion, lack

of evidence, and lack of personal involvement. (Docket #54). In other words, Peters moved for summary judgment on all claims except the initial allegedly unlawful search of the residence. Defendants John Schott ("Schott"), Andrew Molina ("Molina"), Joseph Esqueda ("Esqueda"), Jose Viera ("Viera"), Derek Vernon ("Vernon"), Ryan Carpenter ("Carpenter"), Vincent Lopez ("Lopez"), Christopher Randazzo ("Randazzo"), Matthew Phillipson ("Phillipson"), Timothy Rabideau ("Rabideau"), and Matthew Omalia ("Omalia") (collectively, the "Officer Defendants") moved for summary judgment on all claims. (Docket #59). On June 28, 2019, this Court dismissed five of the seven claims and invited an additional motion for summary judgment on the issues of the unlawful search of a residence and the retaliatory ransacking of Plaintiff's residence. (Docket #81 at 15). On July 24, 2019, the Officer Defendants filed a motion for summary judgment, explaining that they had full consent to search the initial apartment, and arguing that the search of Plaintiff's residence was not retaliatory. Plaintiff never responded, and the Officer Defendants informed the Court that they would not file a reply. For the reasons explained below, the Officer Defendants' second motion for summary judgment will be granted, and the case will be dismissed.[1]

1. **LEGAL STANDARD**

Federal Rule of Civil Procedure 56 provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

---

[1]Defendant Peters did not move to dismiss the claim for unlawful search of the residence, even though it remained outstanding against him. (Docket #81 at 15). However, in light of the fact that the claim is dismissed due to the uncontested fact that there was consent for the search, the claim will be dismissed in its entirety against all defendants, including Peters.

matter of law." Fed. R. Civ. P. 56(a); *see Boss v. Castro*, 816 F.3d 910, 916 (7th Cir. 2016). A fact is "material" if it "might affect the outcome of the suit" under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The court construes all facts and reasonable inferences in the light most favorable to the nonmovant. *Bridge v. New Holland Logansport, Inc.*, 815 F.3d 356, 360 (7th Cir. 2016). The court must not weigh the evidence presented or determine credibility of witnesses; the Seventh Circuit instructs that "we leave those tasks to factfinders." *Berry v. Chi. Transit Auth.*, 618 F.3d 688, 691 (7th Cir. 2010). The party opposing summary judgment "need not match the movant witness for witness, nor persuade the court that her case is convincing, she need only come forward with appropriate evidence demonstrating that there is a pending dispute of material fact." *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 921 (7th Cir. 1994).

**2. RELEVANT FACTS**

The Court generally adopts the facts as stated in the earlier order on the parties' motions for summary judgment. *See* (Docket #81 at 5–8). The relevant facts are repeated here for ease of reference, along with the uncontested facts that the Officer Defendants submitted in support of their second motion for summary judgment. (Docket #86).

On April 14, 2015, the Milwaukee Police Department ("MPD") was in the process of conducting surveillance on Norman Rhodes ("Rhodes"), who is not a party to this litigation. An arrest warrant had been issued for Rhodes because he had violated terms of his parole. The officers involved in this case were using a confidential informant ("CI") to gain information about Rhodes. The CI gave Schott the address of an apartment where he

believed that Rhodes lived ("the Apartment"). The CI also said that Rhodes was using a handgun to engage in the sale of marijuana. Based on this information, Schott, along with Esqueda and Molina, began to conduct surveillance of the Apartment.

Against this backdrop, Plaintiff's story unfolds: Plaintiff is an acquaintance of Rhodes who was visiting the Apartment on the night of April 14, 2015. Plaintiff has a prior felony conviction and was completing a term of parole in relation to that crime. A little before 5:00 p.m., Plaintiff arrived at the Apartment in a Nissan Altima with a female friend. Together, they entered the Apartment. About 15–20 minutes later, Rhodes arrived at the Apartment in a black Chevrolet Malibu, with Monita Roundtree ("Roundtree"), the lessee of the Apartment, and Roundtree's daughter in tow. At approximately 5:20 p.m., Schott called six additional officers to assist in the investigation and arrest of Rhodes. These back-up officers included Viera, Carpenter, Peters, Randazzo, Phillipson, and Rabideau. The officers did not have, nor did they seek, a warrant to search the Apartment. They announced their presence at the Apartment, but nobody opened the door. They entered in order to effectuate Rhodes' arrest. After entering the Apartment, they smelled burnt marijuana and saw marijuana on the dining room table. The officers promptly placed both Plaintiff and Rhodes in handcuffs. They did not arrest either of the two women. Roundtree gave the officers consent to conduct a full search of the Apartment. The officers found drugs and associated paraphernalia, which suggested sale or use of illegal drugs. While searching the Apartment, the officers found Plaintiff's car and house keys.

On April 15, 2015, Schott and Peters applied for a search warrant for Plaintiff's residence.[2] The officers obtained a no-knock warrant at 5:10 p.m. and executed it at 7:00 p.m. As stated above, the previous night, the officers acquired a set of Plaintiff's keys, which included his house keys. However, according to Defendants, when they attempted to use them to enter Plaintiff's house, the keys did not work. (Docket #86 ¶ 19). Therefore, the officers broke down the door to Plaintiff's residence with a ram entry tool. They believed that the lack of answer required a forced entry. The officers searched through clothing, paperwork, and food containers for drugs, firearms, and documents related to the purchase of firearms. Plaintiff did not personally observe the search of his residence.

## 2. ANALYSIS

### 2.1 Unreasonable Search of the Apartment

There is no dispute that the officers received consent from Roundtree, the lessee of the Apartment, before searching it. (Docket #85 at 3; Docket #73 at 3). Once a party consents, police are permitted to engage in a warrantless search. *Fernandez v. California*, 571 U.S. 292, 298 (2014). Accordingly, the search was reasonable, and this claim is dismissed as to all defendants.

### 2.2 Unreasonable Search of Plaintiff's Residence

Plaintiff alleged that the police searched his residence in an unreasonable fashion, which included breaking down the door and strewing papers, clothes, and food around the dwelling. Plaintiff, however, was incarcerated from April 14, 2015 was not and released until April 2018.

---

[2]To clarify, Peters was instrumental in applying for the search warrant, and oversaw the obtention of Plaintiff's keys at the Apartment, but he was not present for the retaliatory search of Plaintiff's home. *See* (Docket #81 at 14).

In its prior order on summary judgment, the Court noted that Plaintiff's second-hand allegations that the police ransacked his residence needed to be substantiated by admissible evidence. (Docket #81 at 7 n.1). Plaintiff has not provided any admissible evidence to support his contention that the police engaged in an unreasonable search, nor any response to Defendants' contentions that the search that they conducted was reasonable under the circumstances. Defendants explain that they attempted to use the keys to gain entry, but, when the keys did not work, felt it necessary to use a ram tool. (Docket #85 at 13). They defend the scope of their search, which included clothes, papers, and the kitchen, as places where evidence of drugs and firearms (and the purchase thereof) could be reasonably found. They further contend, with respect to the alleged mess, that police officers "are not required to clean up after themselves." This disrespectful notion should not help win the day, but there is little else in the case to compel a contrary result. Plaintiff has not offered any admissible evidence regarding the degree of disrepair in which the officers left his home, nor the damages incurred, nor any other argument that the conduct of the Defendants was unreasonable under the circumstances described herein. The Court is constrained to grant Defendants' motion for summary judgment.

3. **CONCLUSION**

For the reasons explained above, the Officer Defendants' motion for summary judgment will be granted as to these final claims. These claims and the case itself will be dismissed.

Accordingly,

**IT IS ORDERED** that the Officer Defendants' additional motion for summary judgment (Docket #84) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's Fourth Amendment claim for unlawful search of a residence under 42 U.S.C. § 1983 be and the same is hereby **DISMISSED** against all defendants;

**IT IS FURTHER ORDERED** that Plaintiff's Fourth Amendment claim for retaliatory ransacking of Plaintiff's home under 42 U.S.C. § 1983 be and the same is hereby **DISMISSED** as to the Officer Defendants; and

**IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED with prejudice**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 28th day of October, 2019.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge